1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for Defendants
   Hunt & Henriques, Michael Scott Hunt
7  and Janalie Ann Henriques

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                   SAN JOSE DIVISION

12  JULIE VILLORENTE GRESHAM,    )   CASE NO.: C08 00130 RMW (HRL)
                                 )
13                               )
                                 )
14          Plaintiff,            )
                                 )   **ANSWER**
15                               )
       vs.                       )
16                               )
                                 )
17  HUNT & HENRIQUES, a general  )
    partnership, MICHAEL SCOTT   )
18  HUNT, individually and in his)
    official capacity, and JANALIE ANN )
19  HENRIQUES, individually and in her )
    official capacity,           )
20                               )
          Defendants.            )
21  ─────────────────────────────)

22

23

24

25

26

27

28

Defendants HUNT & HENRIQUES ("H&H"), MICHAEL SCOTT HUNT ("Hunt") and JANALIE ANN HENRIQUES ("Henriques"), (collectively, "Defendants") hereby submit the following Answer to the Complaint filed in this action by plaintiff JULIE VILLORENTE GRESHAM ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendants aver that the contents of 15 U.S.C. §§ 1692(a) through (e) are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendants admit that Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C § 1692k(d), 28 U.S.C. § 1337 and that supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4. Denied.

5. In answering Paragraph 5 of the Complaint, Defendants admit that Plaintiff alleges that venue in this district is proper pursuant to 28 U.S.C. § 1391(b). Defendants further admit that they transact business in the Northern District of California. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. In answering Paragraph 6 of the Complaint, Defendants admit that Plaintiff alleges that this lawsuit should be assigned to the San Jose Division of this Court. Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7. In answering Paragraph 7 of the Complaint, Defendants admit, on information and belief, that Plaintiff is a natural person residing in Santa Clara County, California. Defendants lack sufficient knowledge to form a belief as to whether

Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) or as a "debtor" as defined by Cal. Civ. Code § 1788.2(h).  On that basis, Defendants deny the allegations. Defendants also lack sufficient knowledge to form a belief as to whether Plaintiff is a "senior citizen" within the meaning of Cal. Civ. Code § 1761(f) and on that basis, deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8.    In answering Paragraph 8 of the complaint, Defendants admit that H&H is a general partnership with a principal place of business located at 151 Bernal Road, Suite 8, San Jose, California 95119-1306 and that it has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6); that it uses the mail and telephone to conduct its business; and that it has, at times, attempted to collect debts that are due to others.  Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9.    In answering Paragraph 9 of the Complaint, Defendants admit that Hunt is a natural person and an attorney licensed in the State of California.  Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10.   In answering Paragraph 10 of the Complaint, Defendants admit that Henriques is a natural person and an attorney licensed in the State of California. Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11.   Denied.

12.   In answering Paragraph 12 of the Complaint, Defendants admit, on information and belief, that Plaintiff incurred a financial obligation through the use of a credit card account which was issued by Citibank (South Dakota), N.A.  under an account number ending in "0443".  Defendants lack sufficient knowledge to form a belief as to the remaining allegations of Paragraph 12 of the Complaint and on that basis, deny them.

13.   Admitted.

14. In answering Paragraph 14 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated December 21, 2006, the contents of which are self-explanatory. Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use and can neither admit nor deny whether the letter H&H sent qualifies as a "communication" as defined by 15 U.S.C. § 1692a(2). On that basis, Defendants deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15. In answering Paragraph 15 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated December 21, 2006, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16. In answering Paragraph 16 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated December 21, 2006, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17. In answering Paragraph 17 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated December 21, 2006, the contents of which are self-explanatory. Defendants admit, on information and belief, that the postage meter stamp on the envelope containing that letter was dated December 21, 2006. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18. In answering Paragraph 18 of the Complaint, Defendants admit that H&H's letter dated December 21, 2006 was deposited in the United States Mail on or about December 21, 2006. Except as herein admitted the remaining allegations of Paragraph 18 are denied.

19. Defendants lack sufficient knowledge to form a belief as to the allegations in Paragraph 19 and on that basis deny them.

20. Denied.

21. In answering Paragraph 21 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated December 21, 2006, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22. In answering Paragraph 22 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated December 21, 2006, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23. Denied.

24. Denied.

25. Denied.

26. In answering Paragraph 26 of the Complaint, Defendants admit that Plaintiff's counsel, Fred W. Schwinn, sent a letter dated January 4, 2007 to H&H via facsimile, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 26 are denied.

27. In answering Paragraph 27 of the Complaint, Defendants admit that Plaintiff's counsel, Fred W. Schwinn, sent a letter dated January 4, 2007 to H&H via facsimile, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28. In answering Paragraph 28 of the Complaint, Defendants admit that Plaintiff's counsel, Fred W. Schwinn, sent a letter dated January 4, 2007 to H&H via facsimile, the contents of which are self-explanatory. Defendants presently lack sufficient knowledge to form a belief as to whether the facsimile "transmission was completed" and "all pages were received" on January 4, 2007 and on that basis, deny the allegations. Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

29. In answering Paragraph 29 of the Complaint, Defendants admit that Plaintiff's counsel, Fred W. Schwinn, sent a letter dated January 4, 2007 to H&H via facsimile, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 29 are denied.

30. Denied.

31. In answering Paragraph 31 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated January 8, 2007, the contents of which are self-explanatory. Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use and can neither admit nor deny whether the letter H&H sent qualifies as a "communication" as defined by 15 U.S.C. § 1692a(2). On that basis, Defendants deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 31 are denied.

32. In answering Paragraph 31 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated January 8, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 32 are denied.

33. In answering Paragraph 33 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated January 8, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

34. In answering Paragraph 34 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated January 8, 2007, the contents of which are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 34 are denied.

35. In answering Paragraph 35 of the Complaint, Defendants admit that Hunt sent a letter to Fred W. Schwinn dated March 8, 2007, the contents of which are self-

explanatory. Except as herein admitted, the remaining allegations of Paragraph 35 are denied.

36. In answering Paragraph 36 of the Complaint, Defendants admit that Hunt sent a letter to Fred W. Schwinn dated March 8, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 36 are denied.

37. In answering Paragraph 37 of the Complaint, Defendants admit that Hunt sent a letter to Fred W. Schwinn dated March 8, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 37 are denied.

38. In answering Paragraph 38 of the Complaint, Defendants admit that Hunt sent a letter to Fred W. Schwinn dated March 8, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 38 are denied.

39. Denied.

40. Denied.

41. Denied.

42. In answering Paragraph 42 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated May 2, 2007, the contents of which are self-explanatory. Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use and can neither admit nor deny whether the letter H&H sent qualifies as a "communication" as defined by 15 U.S.C. § 1692a(2). On that basis, Defendants deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 42 are denied.

43. In answering Paragraph 43 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated May 2, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 43 are denied.

44. In answering Paragraph 44 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 8, 2007, the contents of which are self-explanatory. Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use and can neither admit nor deny whether the letter H&H sent qualifies as a "communication" as defined by 15 U.S.C. § 1692a(2). On that basis, Defendants deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 44 are denied.

45. In answering Paragraph 45 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 8, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 45 are denied.

46. In answering Paragraph 46 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 8, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 46 are denied.

47. In answering Paragraph 47 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 8, 2007, the contents of which are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 47 are denied.

48. In answering Paragraph 48 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 8, 2007, the contents of which are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 48 are denied.

49. In answering Paragraph 49 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 8, 2007, the contents of which are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 49 are denied.

50. In answering Paragraph 50 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 8, 2007, the contents of which are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 50 are denied.

51. Denied.

52. Denied.

53. Denied.

54. In answering Paragraph 54 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 27, 2007, the contents of which are self-explanatory. Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use and can neither admit nor deny whether the letter H&H sent qualifies as a "communication" as defined by 15 U.S.C. § 1692a(2). On that basis, Defendants deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 54 are denied.

55. In answering Paragraph 54 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 27, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 54 are denied.

56. In answering Paragraph 56 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 27, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 56 are denied.

57. In answering Paragraph 57 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 27, 2007, the contents of which are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 57 are denied.

58. In answering Paragraph 58 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 27, 2007, the contents of which are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 58 are denied.

59. In answering Paragraph 59 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 27, 2007, the contents of which are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 59 are denied.

60. In answering Paragraph 60 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated June 27, 2007, the contents of which are self-explanatory. Except as herein admitted the remaining allegations of Paragraph 60 are denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. In answering Paragraph 66 of the Complaint, Defendants admit that Plaintiff purports to bring her first claim for relief pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Except as herein admitted, the remaining allegations of Paragraph 66 are denied.

67. Defendants incorporate by reference paragraphs 1 through 65 above as if fully stated herein.

68. In answering Paragraph 68 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) and on that basis, deny the allegations. Except as herein admitted, the remaining allegations of Paragraph 68 are denied.

69. In answering Paragraph 69 of the Complaint, Defendants admit that H&H has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692s(6). Except as herein admitted, the remaining allegations of Paragraph 69 are denied.

70. Denied.

71. Denied.

72. In answering Paragraph 72 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) and on that basis, deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 72 are denied.

73. Denied.

74. Denied.

75. Denied.

76. In answering Paragraph 76 of the Complaint, Defendants admit that Plaintiff purports to bring her first claim for relief pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. Except as herein admitted, the remaining allegations of Paragraph 76 are denied.

77. Defendants incorporate by reference paragraphs 1 through 75 above as if fully stated herein.

78. In answering Paragraph 78 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as defined by Cal. Civ. Code § 1788.2(h) and on that basis, deny the allegations. Except as herein admitted, the remaining allegations of Paragraph 78 are denied.

79. Denied.

80. In answering Paragraph 80 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f) and on that basis, deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 80 are denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. In answering Paragraph 87 of the Complaint, Defendants aver that the contents of the Rosenthal Act, Cal. Civ. Code § 1788.32 are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 87 are denied.

88. In answering Paragraph 88 of the Complaint, Defendants admit that Plaintiff purports to bring her third claim for relief pursuant to common law for Invasion of Privacy by Intrusion Upon Seclusion. Except as herein admitted, the remaining allegations of Paragraph 88 are denied.

89. Defendants incorporate by reference paragraphs 1 through 87 above as if fully stated herein.

90. Defendants aver that no response to Paragraph 90 is required of them.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. In answering Paragraph 97 of the Complaint, Defendants admit that Plaintiff purports to bring her fourth claim for relief pursuant to common law for negligence. Except as herein admitted, the remaining allegations of Paragraph 97 are denied.

98. Defendants incorporate by reference paragraphs 1 through 96 above as if fully stated herein.

99. Defendants aver that no response to Paragraph 99 is required of them.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. In answering Paragraph 104 of the Complaint, Defendants admit that Plaintiff purports to bring her fifth claim for relief pursuant to common law for tort-in-se. Except as herein admitted, the remaining allegations of Paragraph 104 are denied.

105. Defendants incorporate by reference paragraphs 1 through 103 above as if fully stated herein.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendants should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or have no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiff owes on her unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Not Debt Collector)

Defendant Hunt & Henriques is not a debt collector under state law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Communications)

Any alleged communication that was made to Plaintiff's counsel is not actionable under the FDCPA or the Rosenthal Act.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendants' alleged conduct and communications in attempting to collect a debt is entitled to protection under the First Amendment of the Constitution of the United States. Plaintiff's proposed interpretation of the provisions of the FDCPA must be rejected as they would place an unreasonable restraint upon the exercise of Defendants' rights, thereby raising serious constitutional issues.

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendants recover from Plaintiff costs according to proof.

1  3. That Defendants recover attorneys' fees according to proof.

2  4. That the Court orders such other further reasonable relief as the Court may

3  deem just and proper.

DATED: February 25, 2008         SIMMONDS & NARITA LLP
                                 TOMIO B. NARITA
                                 JEFFREY A. TOPOR


                          By:    s/Tomio B. Narita
                                 Tomio B. Narita
                                 Attorneys for Defendants
                                 Hunt & Henriques, Michael Scott Hunt
                                 and Janalie Ann Henriques