Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
JULIE VILLORENTE GRESHAM

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| JULIE VILLORENTE GRESHAM,<br><br>                                  Plaintiff,<br><br>v.<br><br>HUNT & HENRIQUES, a general partnership, MICHAEL SCOTT HUNT, individually and in his official capacity, and JANALIE ANN HENRIQUES, individually and in her official capacity,<br><br>                                  Defendants. | Case No. C08-00130-RMW-HRL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) DISCOVERY PLAN**<br><br>Date:        May 9, 2008<br>Time:       10:30 a.m.<br>Judge:      Honorable Ronald M. Whyte<br>Courtroom: 6, 4th Floor<br>Place:       280 South First Street<br>              San Jose, California |

The parties in the above-entitled action hereby submit this Joint Case Management Statement and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management conference to be conducted in this matter on May 9, 2008, at 10:30 a.m. The parties jointly request that the Court enter a Case Management Order in this case, based on the parties discovery plan outlined in this document, without a Case Management Conference.

**1.     Jurisdiction and Service**

The basis for the Court's subject matter jurisdiction is federal question jurisdiction. No parties remain to be served.

**2.     Statement of Facts**

**a.     Plaintiff's Statement**

This case is brought by an individual senior citizen consumer to address Defendants'

-1-
JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN          Case No. C08-00130-RMW-HRL

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA"). The violations stem from Defendants' communications attempting to collect a consumer debt from Plaintiff. Correspondence between the parties has been attached to the Complaint as exhibits. Plaintiff also seeks actual damages, punitive damages and treble damages for Defendant's invasion of Plaintiff's privacy, negligent collection and tort-in-se.

Generally, Plaintiff is a senior citizen who owes a financial obligations which was assigned or otherwise transferred to Defendants for collection from Plaintiff. Thereafter, Defendants began a debt collection campaign using collection letters. After receiving Defendants' initial collection letter, Plaintiff's counsel a letter of representation to Defendants. After receiving Plaintiff's counsel's representation letter, Defendants continued their relentless pursuit of Plaintiff through a state court collection action and the use of collection letters which sent directly to Plaintiff, thereby intruding upon Plaintiff's privacy and seclusion.

As a consequence of Defendants' abusive collection activities, Plaintiff has suffered economic loss, substantial emotional distress, loss of sleep, humiliation, stress, crying, anxiety and embarrassment.

**b.     Defendants' Statement**

Defendants deny that they have violated federal or state law. They have filed an Answer which details their denials and affirmative defenses. Significantly, defendants communicated directly with plaintiff's present counsel, Fred Schwinn, concerning the debt, but Mr. Schwinn failed to respond to that communication within a reasonable time. After Mr. Schwinn failed to respond, defendants were justified in attempting to contact plaintiff directly. Thus, Mr. Schwinn is a material witness in this case in support of the defendants. A threshold issue in this case is whether Mr. Schwinn can continue to represent plaintiff under these circumstances.

**3.     Legal Issues**

The principal legal issues which the parties dispute:

As to Plaintiff's FDCPA claim against all Defendants.

1.     Whether Defendants continued to communicate directly with Plaintiff

-2-

regarding the collection of the debt owed to Citibank (South Dakota), N.A., after they knew that Plaintiff was represented by an attorney with respect to the debt, in violation of 15 U.S.C. § 1692c(a)(2);

2. Whether Defendants falsely represented or implied that attorney HUNT had reviewed Plaintiff's file when HUNT had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

3. Whether Defendants falsely represented or implied that attorney HENRIQUES had reviewed Plaintiff's file when HENRIQUES had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

4. Whether Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

5. Whether Defendants threatened to attach Plaintiff's assets and bank accounts, an action that could not lawfully be taken or was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

6. Whether Defendants misrepresented the true source or nature of the collection communications, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

7. Whether Mr. Schwinn failed to respond to the Defendants' communications concerning the debt within a reasonable time;

8. Whether Mr. Schwinn can continue to represent Plaintiff in this case when he is a material witness for the defense; and

9. Whether Plaintiff's alleged claims are have legal or factual support and whether they are barred by the affirmative defenses asserted by Defendants.

As to Plaintiff's RFDCPA claims against Defendant, HUNT & HENRIQUES ("H&H"):

1. Whether H&H continued to communicate directly with Plaintiff regarding the collection of the debt owed to Citibank (South Dakota), N.A., after H&H knew that Plaintiff was represented by an attorney with respect to the debt, in violation of 15 U.S.C. § 1692c(a)(2), as incorporated by Cal. Civil Code

-3-

§ 1788.17 and Cal. Civil Code § 1788.14(c);

2. Whether H&H falsely represented or implied that attorney HUNT had reviewed Plaintiff's file when HUNT had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code §§ 1788.13(c) and 1788.16;

3. Whether H&H falsely represented or implied that attorney HENRIQUES had reviewed Plaintiff's file when HENRIQUES had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code §§ 1788.13(c) and 1788.16;

4. Whether H&H falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code §§ 1788.13(c) and 1788.16;

5. Whether H&H threatened to attach Plaintiff's assets and bank accounts, an action that could not lawfully be taken or was not intended to be taken, in violation of 15 U.S.C. § 1692e(5), as incorporated by Cal. Civil Code § 1788.17;

6. Whether H&H misrepresented the true source or nature of the collection communications, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code §§ 1788.13(c) and 1788.16;

7. Whether Mr. Schwinn failed to respond to the Defendants' communications concerning the debt within a reasonable time;

8. Whether Mr. Schwinn can continue to represent Plaintiff in this case when he is a material witness for the defense;

9. Whether Plaintiff's alleged claims have legal or factual support and whether they are barred by the affirmative defenses asserted by Defendants; and

10. Whether H&H qualifies as a "debt collector" under the plain language of the Rosenthal Act, which expressly excludes attorneys from its reach.

**4.    Motions**

There are no motions pending at this time.  Plaintiff will likely file a motion or motions for summary judgment or partial summary judgment.  Defendants will likely file a motion to disqualify Mr. Schwinn as counsel in this action.  Defendants also plan to file a motion for summary judgment or partial summary judgment.

**5.    Amendment of Pleadings**

At this time, Plaintiff does not anticipate amending the Complaint.  Plaintiff reserves the right to seek leave of the Court to file an amended Complaint should Plaintiff discover additional facts or claims.  Defendants request that the Court establish a deadline of 30 days after the date of the Case Management Conference for any party to add claims or new parties.

**6.    Evidence Preservation**

Plaintiff will propose a protective order to govern production of confidential material in the litigation.

Defendants have directed its relevant employees to preserve all documents, in paper or electronic form, related to the subject matter if this case.

**7.    Disclosures**

**a.    Plaintiff's Statement**

Plaintiff served formal written disclosures on May 5, 2008, as required by Fed. R. Civ. P. 26(a)(1).

**b.    Defendants' Statement**

Defendants served initial disclosures on May 2, 2008.

**8.    Discovery**

**Plaintiff's Discovery:**  Plaintiff will serve Interrogatories, Requests for Production of Documents and Requests for Admission shortly.  At this time and without the benefit of Defendants' initial disclosures, Plaintiff anticipates that she may require up to 10 depositions in this matter.

**Defendants' Discovery:**

Defendants will conduct all written discovery and deposition discovery pursuant to the Federal Rules of Civil Procedure.

**9.   Class Actions**

This case is not a class action. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint containing class allegations.

**10.  Related Cases**

The parties are not aware of any related cases at this time.

**11.  Relief**

    **a.   Plaintiff's Statement**

The Plaintiff requests that this Court:

    a.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(3), 1692e(5) and 1692e(10);

    b.    Declare that Defendant, H&H, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(c), 1788.14(c), 1788.16 and 1788.17;

    c.    Award Plaintiff her actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

    d.    Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

    f.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

    g.    Award Plaintiff her actual damages and punitive damages in an amount to be determined at trial for Defendants' invasions of Plaintiff's privacy;

    h.    Award Plaintiff her actual damages and punitive damages in an amount to be determined at trial for Defendants' negligent collection practices;

    i.    Award Plaintiff her actual damages and punitive damages in an amount to be determined at trial under the doctrine of "tort-in-se."

1         j.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

        k.    Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

        l.    Award Plaintiff such other and further relief as may be just and proper.

**b.   Defendants' Statement**

Defendants will ask that the Court enter judgment for Defendants on all claims. Defendants reserve the right to seek appropriate sanctions, including an award of the costs and attorneys' fees they have incurred in this action.

**12.   Settlement and ADR**

Parties have filed a <u>Joint ADR Stipulation and Proposed Order</u> selecting Mediation as the ADR process in this case.

**13.   Consent to Magistrate Judge for All Purposes**

Parties have not consented to proceed before a Magistrate Judge for all purposes.

**14.   Other References**

None at this time.

**15.   Narrowing of Issues**

The Parties anticipate that resolution of motions may narrow the issues for determination.

**16.   Expedited Schedule**

The parties do not believe that an expedited schedule is necessary.

**17.   Scheduling**

| | |
|---|---|
| Initial Case Management Conference | May 9, 2008 |
| Close of Fact Discovery | November 30, 2008 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | December 14, 2008 |
| Last Day to File Dispositive Motions | January 9, 2009 |
| Opposition to Dispositive Motions | January 23, 2009 |
| Replies to Dispositive Motions | January 30, 2009 |
| Hearing on Dispositive Motions | February 13, 2009, at 2:00 p.m. |

| | | |
|---|---|---|
| 1 | Final Pre-Trial Conference | April 30, 2009, at 2:00 p.m. |
| 2 | Trial | May 25, 2009, at 1:30 p.m. |

**18.  Trial**

The parties anticipate that the action can be ready for trial in May 2009.

Estimated length of trial is 2-3 days.

**19.  Disclosure of Non-Party Interested Entities or Persons**

    **a.  Plaintiff's Statement**

Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

        i.  Julie Villorente Gresham, an individual residing in Morgan Hill, California.

    **b.  Defendants' Statement**

Pursuant to Civil L.R. 3-16, the Defendants state that on information and belief, other than the named parties, no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

**20.  Other Matters**

None at this time.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| Dated: May 5, 2008 | | /s/ Fred W. Schwinn |
| | | Fred W. Schwinn, Esq. |
| | | Attorney for Plaintiff |
| | | JULIE VILLORENTE GRESHAM |

| | | |
|---|---|---|
| Dated: May 5, 2008 | | /s/ Tomio B. Narita |
| | | Tomio B. Narita, Esq. |
| | | Attorney for Defendants |
| | | HUNT & HENRIQUES, MICHAEL SCOTT HUNT and JANALIE ANN HENRIQUES |